United States District Court
Middle District of North Carolina

| | |
|---|---|
| William Graham, )<br>)<br>    Plaintiff, )<br>)<br>         v. )<br>)<br>Procter & Gamble Health & )<br>Long-Term Disability Plan, )<br>)<br>    Defendant. )<br>_____ ) | Case No: 1:19-CV-01210-WO-JLW |

Joint Rule 26(f) Conference Report

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1(b), and the Court's Notice dated January 8, 2020, a telephone conference was held on January 21, 2020, between Andrew Whiteman for plaintiff and Stephanie Zorn for defendant. The parties agreed to the contents of this Joint Rule 26(f) Conference Report. The parties submit for the Court's consideration the following information and proposal regarding discovery and scheduling:

    A.    Discovery Plan

        1.    Case Plan.

Pursuant to Local Rule 26.1(a), the parties agree that the appropriate plan for this case, with any stipulated modifications by the parties as set forth below, is "standard."

2. Pre-Discovery Disclosures

This matter, a claim for disability benefits pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), is exempt from initial disclosures pursuant to Rule 26(a)(1)(B)(i). On or before February 28, 2020, defendant will file with the Court and provide plaintiff a copy of the administrative record, duly certified by the custodian of records, that was reviewed by the Procter & Gamble Disability Committee in denying plaintiff's claim for disability benefits under the defendant Procter & Gamble Health & Long-Term Disability Plan and the plan documents under which plaintiff's claim was determined. Upon receipt, plaintiff will have 30 days to notify defendant of any disagreement regarding the contents of defendant's production. Plaintiff contends, and defendant disputes, that the documents to be considered by the Court in determining plaintiff's claim should include records related to Mr. Graham's prior disability claim from 2003 through 2015.

3. Scope of Discovery

The parties agree that there will be no discovery beyond the administrative record and the applicable plan documents. If plaintiff has any disagreement with the contents of the administrative record and plan documents filed by defendant and the parties cannot resolve such disagreement, and plaintiff believes that discovery is necessary, any dispute concerning the scope of such discovery will be resolved by the Court.

4. Commencement of Discovery

The parties do not anticipate serving any discovery requests. Please see Section A.3.

5. Limits on Interrogatories and Requests for Admissions

The parties do not anticipate serving any interrogatories and requests for admissions. Please see Section A.3.

6. Depositions

The parties do not anticipate taking any depositions. Please see Section A.3.

7. Expert Witnesses

The parties do not anticipate that they will designate any expert witnesses.

8. Supplementation

Supplementation under Rule 26(e) will be due promptly upon receipt of information by the party or counsel.

9. Electronic Discovery

There are no special issues relating to disclosure or discovery of electronically-stored information. The parties will make reasonable efforts to ensure that their document productions include all relevant and discoverable electronically-stored information.

10. Privilege Claims

The parties are unaware at this time of any special issues relating to claims of privileged or trial-preparation material.

B.   Proposed Deadlines

1.   Amendment of Pleadings or Joinder of Parties

The parties shall have through May 1, 2020 to move to amend their pleadings or to join additional parties.

2.   Completion of Discovery

Any discovery will be completed by June 30, 2020.

3.   Dispositive Motions

This case is properly resolved by the Court on cross motions for summary judgment. The parties propose the following schedule: plaintiff shall file his motion for summary judgment no later than July 31, 2020. Defendant's response and cross motion for summary judgment shall be filed no later than 28 days thereafter (and no later than August 28, 2020). Plaintiff's opposition to defendant's cross motion and any reply shall be filed no later than 28 days thereafter (and no later than September 25, 2020). Defendant's reply shall be filed no later than 14 days thereafter (and no later than October 9, 2020).

C.  Mediation

This case was automatically referred to mediation pursuant to Local Rule83.9b. The parties selected Calvin B. Bennett, III to serve as mediator and Mr. Bennett has agreed to serve.

D. Special Procedures

The parties do not consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

E. Other Matters

1. Informal Consent to Extensions of Time

Not applicable.

2. Trial

The parties anticipate that this case will be finally resolved by cross-motions for summary judgment on a stipulated record. However, if the Court determines that a trial is required, the case should be ready for trial 60 days after the Court rules on the cross-motions for summary judgment, and the trial should take no more than one day. The parties agree that the time for pretrial disclosures set forth in Rule 26(a)(3)(B) will be applicable.

3. Rules for Document Productions

The administrative record and applicable plan documents will be produced in searchable .pdf format, labelled with an identifying prefix and sequential numbering, and redacted in compliance with Fed. R. Civ. P. 5.2(a).

4. Filing the Administrative Record

Documents filed with the Court shall be redacted in accordance with Fed. R. Civ. P. 5.2(a) by the filing party. Any party who desires to file documents under seal may seek permission to do so in accordance with Local Civil Rule 5.4.

| | |
|---|---|
| <u>January 30, 2020</u><br>Date | <u>/s/ Andrew Whiteman</u><br>Andrew Whiteman<br>N.C. State Bar number 9523<br>Whiteman Law Firm<br>5400 Glenwood Ave., Suite 225<br>Raleigh, North Carolina 27612<br>919-571-8300 (Telephone)<br>919-571-1004 (Facsimile)<br>aow@whiteman-law.com<br><br>*Attorney for plaintiff* |
| <u>January 30, 2020</u><br>Date | <u>/s/ Stephanie O. Zorn</u><br>Stephanie O. Zorn (MO Bar No. 47000)<br>Jackson Lewis P.C.<br>222 S. Central Avenue, Ste. 900<br>St. Louis, Missouri 63105<br>Phone: (314) 827-3939<br>Fax: (314) 827-3940<br>stephanie.zorn@jacksonlewis.com<br><br>John W. Sulau (S.C. Bar No. 100771)<br>Jackson Lewis P.C.<br>15 South Main Street, Suite 700<br>Greenville, SC 29601<br>Phone: (864) 232-7000<br>john.sulau@jacksonlewis.com<br><br>*Attorneys for defendant* |

Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States District Court for the Middle District of North Carolina, with notice of case activity to be generated and sent electronically to the following parties registered to receive such service:

Stephanie O. Zorn
Jackson Lewis P.C.
222 S. Central Avenue, Ste. 900
St. Louis, Missouri 63105
Phone: (314) 827-3939
Fax: (314) 827-3940
stephanie.zorn@jacksonlewis.com

John W. Sulau
Jackson Lewis P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Phone: (864) 232-7000
john.sulau@jacksonlewis.com

*Attorneys for defendant*

| | |
|---|---|
| January 30, 2020 <br> Date | /s/ Andrew Whiteman <br> Andrew Whiteman <br> N.C. State Bar number 9523 <br> Whiteman Law Firm <br> Attorney for Plaintiff <br> 5400 Glenwood Avenue, Suite 225 <br> Raleigh, North Carolina 27612 <br> (919) 571-8300 (Telephone) <br> (919) 571-1004 (Facsimile) <br> aow@whiteman-law.com |